UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID J. SCOTT,

                Plaintiff,

Case No. 1:04-CV-312

v.

Hon. Richard Alan Enslen

TERRY PITCHER,

**ORDER**

                Defendant.

_____/

Plaintiff David J. Scott has appealed the October 20, 2005 Order of United States Magistrate

Judge Ellen S. Carmody, which Order denied Plaintiff's request for entry of default as to a late-

answering party (who has since asserted substantial defenses by dispositive motion). Oral argument

is unnecessary.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is

limited to whether the orders are "clearly erroneous or contrary to law." *See United States v.*

*Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988).

This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left

with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26

F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985));

*Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996); *see also United States*

*v. Roper*, 135 F.3d 430, 432 (6th Cir. 1998).

Plaintiff argues that the Magistrate Judge was mistaken in failing to enter default because

of Defendant's "wilful" late filing. Plaintiff also argues, in the alternative, that the Order should

have conditioned the non-entry of default upon the payment of a monetary sanction.  Neither

argument is persuasive.  The district court enjoys considerable discretion concerning both the entry

of default and setting aside defaults.  *See Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d

290, 292 (6th Cir. 1992); *see also Mfrs.' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d

204, 208 (6th Cir. 1995).  This is due to the strong federal policy favoring resolution of cases on the

merits.  *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819,

820 (6th Cir. 1999); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th

Cir. 1986).  Furthermore, even if the Magistrate Judge should have defaulted Defendant, her action

is otherwise justified because such default should then have been set aside pursuant to the factors

governing defaults under Federal Rule of Civil Procedure 55(c).  *See Mfrs.' Indus. Relations Ass'n*,

58 F.3d at 209; *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.

1983). No sanction is required either on the facts of this case (which demonstrate an inadvertent

failure to timely answer).

        **THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's David J. Scott's Appeal (Dkt.

No. 37) is **DENIED** and the Order of the Magistrate Judge (Dkt. No. 36) is **AFFIRMED**.

                                        /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:           RICHARD ALAN ENSLEN
      December 29, 2005          SENIOR UNITED STATES DISTRICT JUDGE