UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

    Plaintiff,                              Hon. Richard Alan Enslen

v.                                        Case No. 1:04 CV 312

TERRY PITCHER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Pitcher's Motion to Dismiss. (Dkt. #29). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted**, and that Plaintiff's action be dismissed without prejudice.

## BACKGROUND

As described below, the events giving rise to the present action occurred in May 2001. At that time Michigan Department of Corrections policy provided that indigent prisoners "shall be provided the postage equivalent for mailing a maximum of ten (10) first class letters. . .during each month s/he is on indigent status." Michigan Department of Corrections, Policy Directive 04.02.120 ¶ G (effective October 19, 1998). In the event that an indigent prisoner utilized his complete allotment of free postage, prison policy further provided that "[a]dditional first class postage shall be loaned to prisoners who lack sufficient funds to send mail to a court, an attorney, or a party to a lawsuit due to

pending litigation." Michigan Department of Corrections, Policy Directive 05.03.118 ¶ J (effective March 12, 2001).

Regarding this provision, the policy provided that "[a] prisoner requesting a postage loan may be required to present the mail unsealed to staff to verify that it qualifies" for a postage loan. Michigan Department of Corrections, Policy Directive 05.03.118 ¶ J (effective March 12, 2001). However, the policy made clear that any prisoner mail submitted for such verification "shall not be read in its entirety," but instead reviewed only to the extent necessary to determine whether it qualified for a postage loan. *Id.*

Plaintiff asserts that on May 8, 2001, he "sought to send mail to an attorney and a Michigan court judge in connection with pending litigation." (Complaint at ¶ 9). Plaintiff was indigent at the time and, having apparently utilized his full allotment of free postage, needed to obtain a postage loan to mail the correspondence at issue. *Id.* at ¶ 8. Plaintiff asserts that pursuant to the policy described above he submitted his legal mail to prison officials to determine if it qualified for a postage loan. *Id.* at ¶ 9-11. Plaintiff claims that being compelled to submit his legal mail for inspection (to determine if it qualified for free postage) denied his right of access to the courts and violated his right to the equal protection of the laws. *Id.* at 16-21. For the reasons discussed below, the Court concludes that Plaintiff's complaint must be dismissed for failure to exhaust all available administrative remedies.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions

"brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

During the time period relevant to this action Plaintiff was on grievance restriction. (Dkt. #1). Accordingly, before he was permitted to submit a grievance he was first required to submit to the grievance coordinator a request for a grievance form describing the nature of his grievance and the person(s) against whom he sought to assert his grievance. The grievance coordinator would then

determine whether to grant Plaintiff's request for a grievance form. Plaintiff has attached copies of several requests he submitted to the grievance coordinator between March 6, 2001, and May 8, 2001. There is no indication that any of Plaintiff's requests for a grievance from were granted.

In these various grievance form requests Plaintiff discusses his unhappiness with the requirement that he submit his legal mail for inspection before receiving free postage. However, none of these requests identify Defendant Pitcher. As the Sixth Circuit has clearly stated, "the rule of *Curry v. Scott*. . .requires that 'a prisoner file a grievance against the person he ultimately seeks to sue.'" *Thomas v. Woolum*, 337 F.3d 720, 733-34 (6th Cir. 2003). While Plaintiff did submit to Defendant Pitcher a letter (on May 8, 2001), such does not constitute a properly filed grievance. *See Woolum*, 337 F.3d at 726-34. Moreover, even if this letter did constitute a properly filed grievance, there exists no evidence that Plaintiff pursued such through Step III of the grievance procedure. Accordingly, the Court recommends that Defendant's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant Pitcher's Motion to Dismiss, (dkt. #29), be **granted** and Plaintiff's action be **dismissed without prejudice**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date:  June 5, 2006                                  /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge